UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
KANSAS CITY DIVISION

| | | |
|---|---|---|
| ALPHAPOINTE, | ) | |
|    A Missouri not-for-profit corporation, | ) | |
| | ) | |
|                 Plaintiff, | ) | Case No. 4:17-CV-_____ |
| | ) | |
|   v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| COMPOSITE RESOURCES, INC., | ) | |
| | ) | |
|                 Defendant. | ) | |
| | ) | |
| | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Alphapointe for its Complaint for Declaratory Judgment against Defendant Composite Resources, Inc. ("Composite Resources") alleges as follows:

### PARTIES

1. Alphapointe is a not-for-profit corporation organized under the laws of the State of Missouri with its headquarters at 7501 Prospect, Kansas City, Missouri.

2. Upon information and belief, Composite Resources is a corporation organized and existing under the laws of the State of South Carolina having its principal place of business in Rock Hill, South Carolina.

### JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, 35 U.S.C. §§ 1 et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

1

5. This Court has personal jurisdiction over Composite Resources because Composite Resources transacts business and/or offers to transact business within this judicial district (directly or through intermediaries) and because Alphapointe is being damaged in the State of Missouri.

6. Venue is proper in the United States District Court for the Western District of Missouri pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

7. Alphapointe is a private, not-for-profit 501(c)(3) organization that has continuously served people who are blind and visually impaired since 1911, offering them rehabilitation training, life skills assessment and training, and meaningful employment opportunities.

8. Alphapointe is the third largest single employer of visually impaired individuals in the United States, employing over 400 people in nine locations in four states.

9. One of the products manufactured by Alphapointe is the Tactical Mechanical Tourniquet (also referred to a "TMT tourniquet").

10. Composite Resources manufactures the competing Combat Application Tourniquet (also known as the "CAT tourniquet").

11. On information and belief, North American Rescue is the exclusive distributor of the CAT tourniquet and has offered for sale and sold the CAT tourniquet in Missouri.

12. On October 7, 2015, legal counsel for Composite Resources sent a letter to Alphapointe's headquarters to advise Alphapointe that Composite Resources owned four U.S. Patents (namely, U.S. Patent Nos. 7,842,067 (the "'067 Patent"); 7,892,253 (the "'253 Patent"); 8,888,807 (the "'807 Patent"); and 8,047,850 (the "'850 Patent")) and a pending U.S. patent

application and to advise that Alphapointe should structure its tourniquet product offering to comply with 35 U.S.C. §271(a) (patent infringement), the unmistakeable message being that Alphapointe's tourniquet product, in the view of Composite Resources, infringed one or more of Composite Resources' patents.

13. A true and correct copy of the '067 Patent is attached hereto as **Exhibit A**, a true and correct copy of the '253 Patent is attached hereto as **Exhibit B,** a true and correct copy of the '807 Patent is attached hereto as **Exhibit C**, and a true and correct copy of the '850 Patent is attached hereto as **Exhibit D**.

14. On October 20, 2015, Alphapointe responded to Composite Resources's accusation letter. Alphapointe, through its patent counsel, made it absolutely clear that Alphapointe's tourniquet products do not embody the limitations of the four identified patents.

15. On February 1, 2017, Composite Resources sent a letter to Alphapointe's attorney in Kansas City, Missouri alleging that Composite Resources had acquired a sample of Alphapointe's TMT tourniquet product and further alleging that the product embodies certain claims of U.S. Patent Application No. 14/526,295.

16. On February 16, 2017, Composite Resources filed a Complaint against one of Alphapointe's distributors, Combat Medical Systems, LLC (hereinafter CMS), in the United States District Court for the Western District of North Carolina (the "Complaint"), thus initiating Case No. 3:17-cv-00072.

17. In the Complaint, Composite Resources alleges that CMS "makes uses, imports, offers for sale and/or sells its 'Tactical Mechanical Tourniquet" and that the tourniquet infringes one or more claims of the '067 and '253 patents.

18. In particular, Composite Resources alleged that CMS infringed directly, indirectly, and by inducement the claims of the '067 Patent and the claims of the '253 Patent by selling or offering to sell the Tactical Mechanical Tourniquet.

19. Upon information and belief, Composite Resources has made further allegations of infringement related to Alphapointe to those involved in the government procurement of tourniquets in an attempt to prejudice the procurement process.

20. As a result of, among other things, Composite Resources's patent infringement suit against Alphapointe's distributor, sending communications to Alphapointe alleging that Alphapointe infringes Composite Resources's intellectual property, Alphapointe reasonably believes and apprehends that Composite Resources will file suit against it based on claims of infringement of the '067 Patent, the '253 Patent, the '807 Patent, and the '850 Patent.

21. Alphapointe reasonably believes that it does not directly or indirectly infringe, either literally or under the doctrine of equivalents, any of the claims of the '067 Patent, the '253 Patent, the '807 Patent, and the '850 Patent.

22. Based, without limitation, on the public allegations made by Composite Resources in its Complaint against Alphapointe's distributor an actual and justiciable controversy exists between Composite Resources and Alphapointe regarding whether Alphapointe or any product manufactured by Alphapointe has infringed any of the claims of the '067 Patent, the '253 Patent, the '807 Patent, and the '850 Patent.

## FIRST CLAIM FOR RELIEF
(Declaratory Judgment of Noninfringement of the '067 Patent)

23. Alphapointe hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 22 of this Complaint.

4

4817-8021-6387.3

Case 4:17-cv-00129-JTM   Document 1   Filed 02/21/17   Page 4 of 9

24. Alphapointe does not make, use, import, offer for sale and/or sell any product taught by any of the claims of the '067 Patent.

25. In particular, with respect to claims 1-6, Alphapointe's Tactical Mechanical Tourniquet does not include an inner strap in slidable engagement with an outer sleeve or a windlass connected to an inner strap.

26. With respect to claims 7-14, Alphapointe's Tactical Mechanical Tourniquet does not have a second elongated member configured to slidably engage at least a portion of a first elongated member.

27. With respect to claims 15-16, Alphapointe's Tactical Mechanical Tourniquet does not have a means for circumferentially surrounding the body part passing through any means for looping or slidably engage a means for circumferentially surrounding and the means for compressing.

28. With respect to claim 17, Alphapointe's Tactical Mechanical Tourniquet does not have a second elongated member positioned in the pocket.

29. Alphapointe reasonably apprehends that Composite Resources will file suit against it based on a claim of infringement of the '067 Patent.

30. There exists an actual controversy between Alphapointe and Composite Resources regarding whether Alphapointe or any product or service offered by Alphapointe infringes any of the claims of the '067 Patent, and a judicial declaration of noninfringement is necessary and appropriate at this time.

## SECOND CLAIM FOR RELIEF
**(Declaratory Judgment of Noninfringement of the '253 Patent)**

31. Alphapointe hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 30 of this Complaint.

32. Alphapointe does not make, use, import, offer for sale and/or sell any product taught by any of the claims of the '253 Patent.

33. In particular, with respect to claim 1, Alphapointe's Tactical Mechanical Tourniquet does not include a pocket or a second elongated member positioned in the pocket.

34. With respect to claims 2-11, Alphapointe's Tactical Mechanical Tourniquet does not comprise an inner strap in slidable engagement with an outersleeve and a windlass connected to an inner strap.

35. With respect to claim 12, the method of using Alphapointe's Tactical Mechanical Tourniquet does not comprise operating a tensioning mechanism operatively connected to a second elongated member slidably positioned relative to a first elongated member.

36. Alphapointe reasonably apprehends that Composite Resources will file suit against it based on a claim of infringement of the '253 Patent.

37. There exists an actual controversy between Alphapointe and Composite Resources regarding whether Alphapointe or any product or service offered by Alphapointe infringes any of the claims of the '253 Patent, and a judicial declaration of noninfringement is necessary and appropriate at this time.

### THIRD CLAIM FOR RELIEF
**(Declaratory Judgment of Noninfringement of the '807 Patent)**

38. Alphapointe hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 37 of this Complaint.

39. Alphapointe does not make, use, import, offer for sale and/or sell any product taught by any of the claims of the '807 Patent.

40. In particular, with respect to claims 1-9, the method of making Alphapointe's Tactical Mechanical Tourniquet does not comprise anchoring a first elongated member to a

second elongated member where the second elongated member forms a loop running continuously from an end of the first elongated member to a restraining mechanism and back to the end of the first elongated member, such that there are two layers of the second elongated member.

41. With respect to claims 10-16, the method of making Alphapointe's Tactical Mechanical Tourniquet does not comprise positioning a portion of an inner strap within an outer sleeve or connecting a windlass with an inner strap.

42. With respect to claims 17-22, the method of making Alphapointe's Tactical Mechanical Tourniquet does not comprise anchoring a first elongated member to a second elongated member where the second elongated member is in slidable engagement with an upper inner surface and a lower inner surface of the first elongated member or connecting a windlass with the second elongated member.

43. With respect to claims 23-30, the method of making Alphapointe's Tactical Mechanical Tourniquet does not comprise anchoring an inner strap to an outer sleeve, wherein the inner strap forms a loop running continuously from an end of the outer sleeve to the buckle and back to the end of the outer sleeve to form a double layer overlapping portion of the inner strap that passes through an aperture in a windlass.

44. Alphapointe reasonably apprehends that Composite Resources will file suit against it based on a claim of infringement of the '807 Patent.

45. There exists an actual controversy between Alphapointe and Composite Resources regarding whether Alphapointe or any product or service offered by Alphapointe infringes any of the claims of the '807 Patent, and a judicial declaration of noninfringement is necessary and appropriate at this time.

## FOURTH CLAIM FOR RELIEF
**(Declaratory Judgment of Noninfringement of the '850 Patent)**

46. Alphapointe hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 45 of this Complaint.

47. Alphapointe does not make, use, import, offer for sale and/or sell any product taught by any of the claims of the '850 Patent.

48. In particular, with respect to claims 1-7, Alphapointe's Tactical Mechanical Tourniquet does not include a non-functioning tensioning mechanism wherein substantially no compressive force is applied to the body party upon operating the non-functioning tensioning mechanism.

49. With respect to claims 8-11, Alphapointe's Tactical Mechanical Tourniquet does not comprise means for modeling tensioning that does not apply a tensile force to a means for modeling compressing wherein substantially no compressive force is applied to the body party to restrict the flow of blood in the body part using the means for modeling tensioning.

50. With respect to claims 12-16, Alphapointe's Tactical Mechanical Tourniquet does not comprise an inner strap in slidable engagement with an outer sleeve or an inoperative windlass connected to an inner strap.

51. With respect to claim 17, Alphapointe's Tactical Mechanical Tourniquet does not comprise a second elongated member positioned in a pocket wherein a portion of the second elongated member is connected to the first end of the first elongated member or an inoperative windlass.

52. Alphapointe reasonably apprehends that Composite Resources will file suit against it based on a claim of infringement of the '850 Patent.

8
4817-8021-6387.3
Case 4:17-cv-00129-JTM   Document 1   Filed 02/21/17   Page 8 of 9

53. There exists an actual controversy between Alphapointe and Composite Resources regarding whether Alphapointe or any product or service offered by Alphapointe infringes any of the claims of the '850 Patent, and a judicial declaration of noninfringement is necessary and appropriate at this time.

## DEMAND FOR JURY TRIAL

Alphapointe demands a trial by jury of any and all issues triable as of right by a jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Alphapointe asks the Court to enter judgment in its favor and grant the following relief:

1. Declare that Alphapointe has not infringed any of the claims of the '067 Patent, '253 Patent, '807 Patent, and '850 Patent;

2. Declare that none of Alphapointe's products or services infringe any of the claims of the '067 Patent, '253 Patent, '807 Patent, and '850 Patent; and

3. Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted this 21st day of February, 2017.

Respectfully submitted,

By: */s/ Sara Weilert Gillette*
Sara Weilert Gillette, #57568
MARCELLUS CHASE *pro hac vice* pending
KUTAK ROCK LLP
2300 Main Street, Suite 800
Kansas City, Missouri 64108
(816) 960-0090
(816) 960-0041 Facsimile
sara.gillette@kutakrock.com
Attorneys for Plaintiff Alphapointe